### RAGSDALE, *Appellant*, v. PHELPS *et al.*

**Unlawful Detainer:** VERBAL CONTRACT FOR SALE OF LAND : FAILURE TO MAKE DEED : DEED FROM THIRD PERSON. Plaintiff cannot maintain an action of unlawful detainer against a defendant, to whom he sold the land in controversy, by verbal contract, promising to make a deed therefor, where the defendant entered and took possession, and afterward several times demanded a deed from plaintiff, and expressed a willingness to pay for the land, and plaintiff, failing to make a deed, defendant bought and took a deed to the land from a railroad company having the legal title to it. The defendant in such case is entitled to retain the possession.

*Appeal from Greene Circuit Court.*—HON. W. F. 'GEIGER, Judge.

AFFIRMED.

*W. C. Price* for appellant.

(1) By the terms of sections 2420, article 1, chapter 33, and 2509, chapter 35, Revised Statutes, there can be a peaceable disseisin, raising, by implication, a sort of tenancy at will, until impugned by the landlord, by a written notice to quit, such seisin being, we may suppose, the lowest class of leases, as all tenancies in the nature of leases grow out of contract, express or implied. A license to enter, under a mere parol agreement of sale and purchase, does not, therefore, properly amount to a tenancy at will, even though the party occupying

be not a trespasser *ab initio*, but only so after notice to quit, or on a failure of the object of such entry. *Glascock v. Roberts*, 14 Mo. 254, top·page, side page, 350; *Lockwood et al. v. Lumsford*, 56 Mo. 68; *Baker v. Railroad*, 57 Mo. 265; *Boon v. Stover*, 66 Mo. 430. (2) The defendants cannot justify, under a title inconsistent with plaintiff's, under whom they hold. They cannot be permitted to enter for one purpose, and hold for another; and, there being no question of title for the purposes of this action, it is properly brought in unlawful detainer. R. S., sec. 2443, chap. 33; *Stone v. Mallet*, 7 Mo. 158; *Spaulding v. Mayhall*, 27 Mo. 377; *Van Eman v. Walker*, 47 Mo. 169; *Lass v. Eisleben*, 50 Mo. 122; *Edwards v. Cary*, 60 Mo. 572; *Silvey v. Summer*, 61 Mo. 253; *Loring v. Harman*, 84 Mo. 123.

*W. D. Hubbard* and *E. D. Kenna* for respondents.

RAY, J.—This is an action of unlawful detainer, begun before a justice of the peace, and afterwards removed by *certiorari* to the circuit court, where, upon a trial, the court gave an instruction, in the nature of a demurrer to the evidence, and entered judgment for the defendants. It may be observed, that the evidence contained in the record does not show, as completely as could be desired, the relations and dealings of the parties with one another. In fact, the whole proceeding seems to have been conducted somewhat loosely, and in a manner not calculated to protect and preserve rights of the parties, as fully as they should have been. So far as clearly disclosed, the material facts seem to be, that plaintiff (the nature of whose claim on the land does not fully appear, from the evidence in the record), in the year 1879, rented the premises in dispute, to one Mayabb—a part of the lands for the year 1879, and other parts thereof for the years 1879 and 1880. In the latter part of 1879, plaintiff verbally contracted with defendants

Phelps, Ray and O'Neal, to sell said premises to them for four hundred dollars, and to make them a warranty deed therefor. At the time of said verbal contract, plaintiff told defendants to take possession of said premises, so far as he had the possession, and, for complete possession, advised defendants to buy Mayabb's possession, which they did, and thereupon entered into the possession of the land in dispute, which they still hold. Defendants, after this, the dates not being given, several times demanded a deed from plaintiff, who said he had no deed from the railroad company.

After this, plaintiff and defendants went to the railroad land office, at Springfield, and plaintiff then told the company's land agent, that he had sold to defendants the land in question, and that he wanted the company to make a deed to them for the land. The company refused to sell for the sum plaintiff offered. What the amount of his said offer was, does not appear. Afterwards, defendants again demanded of plaintiff a deed for said land, telling him they were ready to pay the money, when he again said, that he could not make a deed. They then stated to plaintiff, that, if he did not make them a deed, they could, and would, buy of the railroad company. Plaintiff replied: "If the railroad company is fool enough to sell to you, you will have a happy time getting possession of the land." Afterwards, defendants bought of the railroad company, paying four hundred dollars and getting a deed from it. These are the material facts, so far as we are able to gather them from this imperfect transcript.

We do not feel called upon to define, with any particularity, in this case, the technical legal relations, which subsisted between these parties, under these circumstances. Indeed, there is considerable diversity, if not confusion, among the cases, as to the nature of the relation, between a vendee in possession, under a contract of purchase, and the vendor. In this case, the

original entry and possession of the land, by these defendants, was peaceable and rightful, with the knowledge and consent of plaintiff, and under, and in virtue of, said verbal contract of purchase. Where one thus enters into possession, under such executory contract of purchase, he cannot repudiate the contract, or fail to perform the same. If he refuses, or fails, without being prevented by the vendor, to pay the purchase money, he cannot hold on to the possession, but must restore the same, as the law, in that event, implies this duty on his part. A performance, or offer to perform, on the part of the vendor, and a refusal, by the vendee, to pay the purchase money, renders the possession of the vendee, thereafter, wrongful, and he may be turned out, by proper action.

But that is not this case. The plaintiff, himself, has first broken and repudiated, or failed to carry out, his part of said contract. By the terms of said verbal contract, plaintiff was to make the deed, and the defendants to pay the purchase money. Neither party was bound, by its terms, to perform the first act, and, under the law, they would be bound to perform their respective parts simultaneously, or, at most, either party would have a reasonable time to perform, after the offer to perform by the other. When, therefore, the defendants offered to pay the purchase money, and demanded a deed, which they did several times without avail, this was a compliance with the requirements of the contract, on their part, and gave them a clear right to a conveyance, as they had a right to retain the possession, and insist on the execution of the contract. The vendee can defend, and protect his possession, by showing a performance on his part, or that he is not in default. The plaintiff, it is true, did not have the title, but he was in a position to acquire it. When the plaintiff failed to make the deed, which he had undertaken, absolutely, and without any conditions, to do, he thereby put him-

self in default, and his own breach of contract ought not to be permitted to work any disadvantage to his vendees, who acquire the possession thereunder. In purchasing the title of the railroad company, they acted after due notice to plaintiff, and after urgent demands on him to procure the title. This was not a title hostile to plaintiff's, or inconsistent therewith, but was the very title he was bound to secure for them, and which he declined and refused to do. They had changed their position, and acquired possession, under the belief that he would secure them, by a deed, and after offer to pay the purchase money, and refusal by plaintiff to make the deed, they could lawfully protect, and fortify, their possession and improvements, if any, in the mode they did. The vendor could not, under this state of facts, insist that his vendees were in possession without right. There may be remedies in other proceedings, at law, or in equity, in which whatever rights, if any, the plaintiff may have, in respect to these lands, may be made to fully appear, and be enforced, but, manifestly, this is not the appropriate proceeding for that purpose.

The judgment of the circuit court is, therefore, affirmed. All concur.