**P.M. CONSTRUCTION SERVICES, INC., Respondent,**

v.

**Sandra E. LEWIS, Appellant.**

**No. WD 56857.**

Missouri Court of Appeals, Western District.

June 27, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2000.

Application for Transfer Denied Oct. 3, 2000.

Ronald K. Barker, Kansas City, for appellant.

David Ben Mandelbaum, Kansas City, for respondent.

Before: LAURA DENVIR STITH, P.J., and HOWARD and NEWTON, JJ.

VICTOR C. HOWARD, Judge.

Sandra E. Lewis appeals from the trial court's judgment in favor of P.M. Construction Service, Inc. in an unlawful detainer action for rent and possession. Her sole point on appeal is that the trial court erred in finding that unlawful detainer under Chapter 534 RSMo [1] is an appropriate method for the purchaser of residential property at a foreclosure sale to obtain possession of the property from the former owner who claimed to be in quiet, uninterrupted and peaceable possession of the property for more than three years before the unlawful detainer action was filed.

## Facts

On October 26, 1998, Respondent P.M. Construction Service, Inc. filed a Complaint in Unlawful Detainer against Appellant Sandra Lewis, seeking possession of the property at 10501 E. Forest, Kansas City, Missouri. The Associate Circuit Court of Clay County entered a default judgment in favor of Respondent on November 18, 1998. Appellant filed an application for trial de novo in the Circuit Court of Clay County.

At trial, Paul Demo, the president of P.M. Construction Service, Inc. testified that Respondent bought the property at issue at a foreclosure sale on September 22, 1998. He testified that after the foreclosure, he went by the property and Appellant was residing there. He testified that Appellant acknowledged that she knew what was happening and she allowed him to take pictures of the property. They reached an agreement that Appellant could stay in the premises for ten days. He testified that there was "some conversation bandied about" regarding arrangements for Appellant to lease, rent, or repurchase the property from Respondent, but no concrete agreement was reached. He testified that he subsequently gave Appellant a 30–day notice to vacate the property. The deadline for Appellant to vacate the property was November 5th. He testi-

fied that Appellant had failed to pay rent on the property. He testified that he believed Appellant was still residing in the property as of the date of trial. He testified that a demand for rent was made of Appellant by Respondent on approximately December 1, 1998.

On cross-examination, Demo testified that he had been in the property, but Respondent had never operated its offices out of that residence, the property was not zoned for commercial use, and he had never stored any equipment there.

Appellant testified that she had lived at the premises at issue since December 22, 1987, and that she was buying the property during that time. She acknowledged that Respondent bought the property on September 22, 1998 at a foreclosure sale. She testified that she offered to rent the property, but no agreement was ever reached between Respondent and her regarding rental of the property. She testified that she did not move from the property after November 5th, 1998, and she still lived there at the time of trial. She testified that she had not paid any rent to Respondent, and Respondent had not requested any rent from her.

On January 8, 1999, following trial in the circuit court, the court granted Respondent immediate possession of the premises and found that Respondent was entitled to the reasonable rental value of the premises against Appellant in the amount of $1,700, representing rent for the months of November and December 1998. This appeal follows.

## Standard of Review

On review of an unlawful detainer action, we defer to the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Stamatiou v. El Greco Studios, Inc.*,

1. All statutory references are to RSMo Cum. Supp.1997, unless otherwise indicated.

898 S.W.2d 571, 573 (Mo.App. W.D.1995). Furthermore, we consider the evidence in the light most favorable to the party prevailing below, give that party the benefit of all reasonable inferences, and disregard the other party's evidence except as it may support the judgment. *Id.* We also give due regard to the trial court's determination of the credibility of the witnesses. *Id.*

## Motion to Dismiss Appeal

We initially discuss Respondent's motion to dismiss the appeal, which was taken with the case. Respondent suggests in its motion to dismiss that the controversy is moot and Appellant has acquiesced in the judgment below. Respondent contends that Appellant assigns error only to that portion of the judgment finding that unlawful detainer allows the court to order the court below to order Appellant to deliver possession of the real estate to Respondent. Respondent contends that Appellant's sole point of error is rendered moot by Appellant's having surrendered possession of the premises to Respondent on February 8, 1999. Attached to the suggestions in support of Respondent's motion to dismiss is the affidavit of Paul Demo, stating that the premises was voluntarily turned over to him on February 8, 1999, while he was acting as an agent for Respondent. Also attached is a handwritten note, purportedly written and signed by Appellant, stating that Leslie had given the keys to Respondent on February 8, 1999 about 2:30 p.m. The note also stated that they had moved out all they wanted, except for a car left in the garage, which she said she may pick up any time before February 15, 1999. The note further stated that anything else could be treated as trash.

Appellant contends that she was involuntarily removed from her residence and thus she did not acquiesce in the judgment below. The exhibits attached to Appellant's suggestions in opposition to the motion to dismiss include 1) a notice, dated February 1, 1999, given to her by the Clay County Sheriff's Office informing her that she had five days to vacate the premises at issue; 2) a letter, dated February 17, 1999, from Respondent's counsel to Appellant, informing her that the landlord believed she had abandoned the property and informing her that the landlord may remove her possessions unless she wrote to the landlord; 3) a letter, dated March 11, 1999, from Respondent's counsel to Appellant's counsel, advising him that ten days from the date of the letter Appellant's property remaining on the premises would be disposed of.

"The mootness of a controversy is a threshold question in any appellate review of that controversy." *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 237 (Mo.App. W.D.1998). "When an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed." *Id.* A party may estop herself from appealing a judgment by performing any acts that are inconsistent with the right to appeal or which recognize the validity of the judgment. *Two Pershing Square, L.P. v. Boley,* 981 S.W.2d 635, 638 (Mo.App. W.D. 1998). We find that in the present case, there is conflicting evidence about whether Appellant "recognized the validity of the judgment" by voluntarily leaving the property at issue. Without a clear showing of mootness, we conclude it is proper to proceed to the merits of Appellant's argument. *See Central Missouri Plumbing Co. v. Plumbers Local Union 35,* 908 S.W.2d 366, 371 (Mo.App. W.D.1995).

Respondent's motion to dismiss the appeal is denied.

## Point Relied On

We now address the merits of the case. Appellant's sole point on appeal is that the trial court erred in finding that unlawful detainer under Chapter 534 RSMo is an appropriate method for the purchaser of residential property at a fore-

closure sale to obtain possession of the property from the former owner who claimed to be in quiet, uninterrupted and peaceable possession of the property for more than three years before the unlawful detainer action was filed.

Unlawful detainer is a special statutory action, summary in nature, in derogation of the common law and, therefore, must be pursued strictly in accord with the appropriate statutory provisions. The statutes governing the unlawful detainer constitute an exclusive and preclusive code ...; thus, provisions of other statutes and their construction are not relevant nor meaningful in construing an unlawful detainer action. If the face of the record does not disclose the required jurisdictional facts, the unlawful detainer proceedings and resulting judgment are void.

*Quirk v. Sanders,* 673 S.W.2d 850, 853 (Mo.App. E.D.1984) (citations omitted).

### *Actual Possession*

Appellant's first argument is that Respondent never had actual possession of the property, and therefore unlawful detainer is an improper remedy in this case.

Section 534.030 defines "unlawful detainer" as follows:

When any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person, or the person under whom such person claims; or after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure; or when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or when any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer."

In *Watkins v. Wattle,* 558 S.W.2d 705, 712 (Mo.App.1977), the southern district of this court, construing the version of § 534.030 in effect at that time, found as follows:

Section 534.030 defines three distinct factual situations, or classes, which constitute "unlawful detainer." The first class is the "hold-over tenant" class, the second (added in 1939) is the "hold-over employee" class, and the third is the "intruder class" (wrongful possession, without force, by disseisin). The distinction between the hold-over tenant and the intruder classes is discussed in *Ray v. Blackman,* 120 Mo.App. 497, 97 S.W. 212 (1906), *Barber v. Todd,* 128 S.W.2d 290 (Mo.App.1939), and *Bess v. Griffin,* 234 S.W.2d 978 (Mo.App.1950). The relationship of landlord and tenant is unnecessary in actions under the "intruder class," but a written demand for possession prior to the institution of the action is necessary in such actions. In actions involving the hold-over tenant class, no demand for possession is necessary but a landlord-tenant relationship must have existed.

*Accord AgriBank FCB v. Cross Timbers Ranch, Inc.,* 919 S.W.2d 256, 260 (Mo.App. S.D.1996); *South Side Nat'l Bank in St. Louis v. Schneider,* 603 S.W.2d 25, 26 (Mo. App. E.D.1980). In 1997, the legislature added a fourth class – those who willfully and without force hold over lands, tenements or other possessions after a mortgage or deed of trust has been foreclosed, and who have received written notice of the foreclosure.

Appellant cites *Quirk v. Sanders,* 673 S.W.2d 850 (Mo.App. E.D.1984), where the respondent brought an unlawful detainer action against the appellants to gain possession of property that the respondent had bought at an execution sale. The circuit court entered judgment in favor of

the respondent, ordered transfer of possession of the property to the respondent, and assessed damages caused by the defendants' unlawful detainer. *Quirk,* 673 S.W.2d at 851. On appeal, the appellants argued that an unlawful detainer action was not appropriate in their case because the respondent never had possession of the property in question. *Id.* at 852. The court agreed, finding that the action of unlawful detainer "is for 'possession'" of property by the party who has been "disseised" from that property. *Id.* at 853. The decision relied heavily on the case of *Spalding v. Mayhall,* 27 Mo. 377 (1858), which declared that at common law, a disseisin occurred "when one enter[ed] intending to usurp the possession, and to oust another of his freehold." *Spalding,* 27 Mo. at 379. Because one cannot be ousted unless he is in possession, the *Quirk* court found that the legislature, by using the word "disseisin," intended to confine unlawful detainer to "cases where the plaintiff is in the actual possession of the premises at the time of the entry." *Quirk,* 673 S.W.2d at 853, quoting *Warren v. Ritter & Ritter,* 11 Mo. 227, 228 (Mo. 1848).

Later foreclosure cases involving a mortgagor hold-over carved an exception to the requirement of possession where a landlord-tenant relationship is established. In *AgriBank FCB v. Cross Timbers Ranch, Inc.,* 919 S.W.2d 256, 261 (Mo.App. S.D.1996), the court found that "[a] purchaser under a deed of trust may maintain an action for unlawful detainer where the terms of the deed of trust recite the creation of a leasehold interest, thereby establishing a landlord-tenant relationship, and the tenant willfully holds over after termination of the leasehold." *See also Bobbitt v. Ogg,* 731 S.W.2d 258, 260–61 (Mo.App. W.D.1987). However, since Respondent did not introduce its deed of trust into evidence at trial, these cases provide no help.

No Missouri court has analyzed a factual situation similar to the one in the present case under the language added by the legislature in 1997 making unlawful detainer an appropriate remedy "[w]hen any person willfully and without force holds over any lands, tenements or other possessions ... after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure." This new language eliminates the need to evaluate these foreclosure cases in the context of the "hold-over tenant" or "intruder" classifications. In a foreclosure factual situation, a plaintiff will likely never have possession when the action is brought. We find that, within this new classification, the legislature has effectively eliminated the necessity of prior possession.

## *Effect of § 534.300*

Appellant's second argument is that unlawful detainer is not an appropriate remedy in this case because she had possession of the property for more than three years prior to the filing of the unlawful detainer action.

Section 534.300 provides as follows:

The provisions of this chapter shall not extend to any person who has had the uninterrupted occupation or been in quiet possession of any lands or tenements for the space of three whole years together, immediately preceding the filing of the complaint, or who has continued three whole years in the peaceable possession after the time for which the premises were demised or let to him, or those under whom he claims, shall have expired.

At trial, Respondent argued that the interpretation of § 534.300 in the cases of *F.A. Sander Real Estate & Inv. Co. v. Becker,* 202 S.W.2d 549, 551 (Mo.App. 1947), and *Kohnen v. Hameed,* 894 S.W.2d 196, 200 (Mo.App. E.D.1995), was controlling in the present case.

In *F.A. Sander Real Estate & Inv. Co.,* 202 S.W.2d at 551, the court, interpreting

the language that is currently codified in § 534.300,[2] stated that the statute

> is purely a statute of limitations, which, as it plainly states, precludes the maintenance of an action such as this against one who has had the uninterrupted occupation or quiet possession of the premises for a period of three years immediately preceding the filing of the complaint, or who has continued in peaceable possession for three years after the expiration of the time for which the premises were let to him.

The court held that the statute was inapplicable in that case because even though the "defendant had had possession of the premises for three years before the filing of the complaint, his possession had at all times been as plaintiff's tenant, and was therefore not adverse." *Id.* The court explained that "[a] tenant's possession is that of his landlord, and his refusal to deliver up possession after demand in writing by the person having the legal right to possession renders him liable to an action for unlawful detainer." *Id.*

In *Kohnen v. Hameed,* 894 S.W.2d at 200, the court, quoting *F.A. Sander Real Estate and Inv. Co.,* stated that "§ 534.300 bars unlawful detainer actions where the premises have been occupied continuously for over three years. However, a landlord-tenant relationship makes RSMo § 534.300 inapplicable." The court stated that "[e]ven where the defendant in an unlawful detainer action has had possession of the premises for three years prior to the filing of the complaint, if his or her possession had at all times been as the plaintiff's tenant, then refusal to deliver up possession after demand in writing renders the defendant liable." *Id.; see also McNeill v. McNeill,* 456 S.W.2d 800, 804–05 (Mo.App.1970) (finding that because the defendants' possession of the farm was that of tenants, plaintiffs' cause of action in unlawful detainer was not barred by § 534.300).

There are no cases analyzing this "statute of limitations" given the legislature's recent recognition of a plaintiff's action for immediate possession in the context of a foreclosure. However, the landlord-tenant cases provide an analogy.

 At the expiration of a lease, it is the tenant's duty to surrender the premises, and when his time expires, he becomes an unlawful detainer. *Grant v. White,* 42 Mo. 285, 287 (1868). The tenant's uninterrupted possession is "by and with the consent" of the landlord. *Id.* At the point the landlord-tenant relationship terminates, the tenant's possession thereafter is adverse, which triggers the running of the three-year period described in § 534.300. *See Gillett v. Mathews,* 45 Mo. 307, 309 (1870). Similarly, before foreclosure, the owner maintains possession, but the possession is not adverse to anyone. Only after foreclosure does the possession become adverse, beginning the running of the three-year period.

More basically, it does not make sense for a statute of limitations clock to begin ticking before a cause of action accrues or a plaintiff is even known. The legislatively created remedy could be wiped out before the wrongful act happened.

Section 534.300 was not triggered until after the foreclosure. The action was brought well within the three years, and there was substantial evidence to support the judgment.

The judgment of the trial court is affirmed.

LAURA DENVIR STITH, P.J., and NEWTON, J., concur.

---

**2.** The court discussed § 2854 RSMo 1939, the precursor to § 534.300.