Lorri **ARRINGTON**, Plaintiff–
Appellant,

v.

**GOODRICH QUALITY THEATERS, INC.**, a Michigan corporation Qualified to transact business in Missouri, Defendant–Respondent.

No. 28835.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 20, 2008.

Robert D. Curran, Springfield, MO, for appellant.

James A. Gottschalk, Chesterfield, MO, for respondent.

DON E. BURRELL, Presiding Judge.

This case involves a slip and fall claim brought by Lorri Arrington ("Plaintiff") against Goodrich Quality Theaters, Inc. ("Goodrich"). The case was tried to a jury, which rendered a verdict in favor of Goodrich. On appeal, Plaintiff argues the trial court erred in denying her motion for new trial because: 1) Goodrich's closing argument accused Plaintiff of conspiring with her attorney and a witness to present fraudulent testimony to the jury; 2) the trial court granted a motion in limine that precluded her from introducing into evidence an abandoned pleading she believed constituted an admission Goodrich made against its own interest; and 3) Goodrich misstated the law in its closing argument. Finding no error, we affirm.

### I. Facts and Procedural History

Plaintiff slipped and fell while walking to her seat in a theater operated by Goodrich. Plaintiff filed her petition for damages against both Goodrich and Jester T & C, L.L.C. ("Jester"), the owner of the theater building operated by Goodrich. In addition to answering Plaintiff's suit, Jester filed a cross-claim against Goodrich for indemnification based on the terms of their lease agreement. Goodrich then filed an answer to Jester's cross-claim along with a counterclaim against Jester that it later dismissed with prejudice ("the abandoned pleading"). In the abandoned pleading, Goodrich alleged, *inter alia,* that: 1) Jester "was responsible for the construction of the building where Plaintiff fell;" 2) the

building "was defective[ ] in its construction, in that it was built on top of underground caves, resulting in moisture condensation problems on the floors on the inside of the building during warm weather;" 3) "[t]he moisture upon which Plaintiff allegedly fell occurred as a result of condensation ..., not as the result of a foreign substance on the floor;" 4) Plaintiff fell "[a]s a result of the defects in the construction of the building;" and 5) "[t]he defects in the construction of the building ... were the result of the negligence of Jester." Jester's answer to Goodrich's counter cross-claim denied these allegations. Jester also moved for and received a summary judgment in its favor on Plaintiff's claim and was thereafter allowed to sever its remaining affirmative cross-claim against Goodrich from the trial of Plaintiff's remaining claim against Goodrich. As a result, Jester was not a participant in the trial at issue.

Plaintiff filed a second amended petition against Goodrich that incorporated many of the factual averments Goodrich had previously made in its abandoned claim against Jester. Goodrich filed an answer to Plaintiff's second amended petition that now denied those allegations and filed a motion in limine seeking to exclude any testimony or statements related to the abandoned pleading as "certain allegations contained therein were made under mistake of fact." Plaintiff filed written suggestions in opposition to Goodrich's motion in limine. After hearing argument on the motion, the trial court ruled, in limine, that Plaintiff would not be allowed to introduce the abandoned pleading into evidence but

would be allowed to read aloud to the jury its paragraphs numbered eight and ten.[1]

On the second day of trial, outside the presence of the jury, Plaintiff asked the trial court to "clarify [or] readdress" its prior ruling on the "issue of the answer and counterclaim of [Goodrich]" and presented the trial court with a copy of a case she was relying on. After hearing argument on this request, the trial court said, "[m]y ruling stands. You can read those things and say they were pleadings filed by Goodrich, but that will be it." The jury was then brought into the courtroom and Plaintiff read to them paragraphs eight and ten of the abandoned pleading. Plaintiff never marked the abandoned pleading as an exhibit and never explicitly requested that it be received into evidence.

Immediately before resting her case, Plaintiff did mark and offer into evidence Exhibit 15; a document that purportedly contained only paragraphs eight and ten of the abandoned pleading she had previously read aloud to the jury.[2] The trial court sustained Goodrich's objection and refused to receive Exhibit 15 into evidence.

After the jury returned its verdict in favor of Goodrich, Plaintiff filed motions for judgment notwithstanding the verdict ("JNOV") and for new trial. The trial court denied both motions and entered a judgment in favor of Goodrich in conformity with the jury's verdict. This appeal followed.

## II. Analysis

Plaintiff raises three points of alleged error. Points I and III allege improper closing arguments and will be addressed

---

1. Paragraph 8 alleged Goodrich had notified Jester of the condensation problem and resulting moisture on the theater floors. Paragraph 10 alleged that any moisture Plaintiff allegedly fell on was the result of that condensation, not any foreign substance on the floor.

2. Exhibit 15 was not included in the Legal File or otherwise deposited with the Court. We discern the contents of the document solely from Plaintiff's counsel's description of it in the transcript.

together. Point II contends the trial court abused its discretion by refusing to admit the abandoned pleading into evidence.

## A. Improper Closing Arguments

■ Points I and III argue the trial court erred by refusing to order a new trial because Goodrich made a prejudicial statement and misstated the law during its closing argument.[3] Our standard of review of the denial of a motion for new trial is for an abuse of discretion. *Kansas City v. Keene Corp.*, 855 S.W.2d 360, 372 (Mo. 1993); *Cook v. Cox*, 478 S.W.2d 678, 682 (Mo.1972). "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Anglim v. Mo. Pac. R.R.*, 832 S.W.2d 298, 303 (Mo.1992). "New trial is available only upon showing that trial error or misconduct of the prevailing party incited prejudice in the jury." *Keene Corp.*, 855 S.W.2d at 372. We must review the evidence from a "standpoint favorable to the trial court's ruling." *Underwood v. Brockmeyer*, 318 S.W.2d 192, 194 (Mo.1958).

■ In Point I, Plaintiff claims defense counsel's closing argument prejudiced the jury because it accused Plaintiff, her attorney, and her testifying physician, Dr. Bennock, of conspiring to present fraudulent testimony to the jury. The argument at issue was:

> Dr. Bennock hasn't treated a person since June of 2004, and as you recall, about—more than 95 percent of the IMEs[4] that he does for his company called Missouri IME are done for attorneys that represent plaintiffs or claimants in Workers Compensation cases. What you also have to keep in mind with Dr. Bennock is that he basically hasn't met an independent medical evaluation person that he didn't accept, and he'll do them on any part of the body. And in this case, what he did was is [sic] rather unusual. He was endorsed as an expert witness by the Plaintiff in this case two weeks before he received an introductory letter asking him to see the Plaintiff. Now, I can only think of maybe one reason why you'd do that, and that is because you basically know what you're going to get. Might as well disclose it before you even send the doctor the records. That looks a little strange.

Plaintiff did not object to this argument when it was made.[5] Plaintiff now claims the argument was improper and was introduced by defense counsel to "poison" and "prejudice" the jury.

Point III directs us to the following portion of Goodrich's closing argument:

> The first issue is, that she has to prove that the floors were not reasonably safe.... There's got to be something there, something that caused this fall. And Ladies and Gentlemen, after five years the Plaintiff hasn't been able to figure out what if anything actually

**3.** Plaintiff does not challenge the trial court's denial of her motion for JNOV.

**4.** Independent Medical Examinations

**5.** Plaintiff did not mention in her brief that she had failed to lodge an objection to either of the allegedly defective arguments when they occurred. Any failure to object to a matter at trial-a very important fact in determining the appropriate standard of review-should be disclosed in the appellant's brief and not left to the respondent to point out to the Court.

caused her fall that day. There have been 10 liability witnesses that the Plaintiff has put on the stand in this trial, and we still don't know what if anything caused her fall.

On appeal, Plaintiff claims this statement mischaracterized the law and "misled, confused, and prejudiced the jury against Plaintiff." Once again, no such objection was made at trial.

■■■■ Because Plaintiff did not object at trial to either of these arguments, her claim of error is not preserved for review by this Court. "The failure to object when the statement was made during closing argument is fatal to a claim on appeal that the argument was improper." *Rains v. Herrell*, 950 S.W.2d 585, 592 (Mo.App. S.D. 1997) (citing *Dalcom Serv., Inc. v. Indep. Freightway, Inc.*, 895 S.W.2d 619, 622 (Mo. App. E.D.1995)). It is particularly important during closing argument that an objection be made so that the trial court is given the opportunity to correct the error without causing a mistrial. *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 15 (Mo.1994). "A party is not entitled, in such a situation, to gamble on the verdict of the jury, and if he loses then assert in a motion for new trial or on appeal that prejudicial error resulted from the incident." *Gilmore v. Union Constr. Co.*, 439 S.W.2d 763, 766 (Mo.1969).

Perhaps recognizing that these claims were not properly preserved for our review, Plaintiff cites *Critcher v. Rudy Fick, Inc.*, 315 S.W.2d 421 (Mo.1958) as support for the proposition that a trial court may have a duty to intervene and take corrective action when an improper closing argument is made even if no objection is made by counsel. In *Critcher*, our Supreme Court recognized that plain error review may be available in a civil case to prevent manifest injustice or a miscarriage of justice resulting from an unaddressed improper argument of counsel. *Id.* at 427–28. In so doing, the Court also noted the very limited applicability of such a process.

> This rule has twice been applied by this court to improper argument of counsel when insufficient or no objection was made at the time. However, even though there may be a duty on the trial court to take necessary corrective action without objection being made when argument goes to the extreme, as in this case, it is the general rule that the prejudicial effect of such improper argument will be considered to be waived if proper and timely objection is not made to the trial court so that it may, if the misconduct is of the nature to be subject to corrective action, take appropriate steps under the circumstances to remove the prejudicial effect.... However, it is appropriate in the situation here presented again to admonish counsel that Supreme Court Rule 3.27[6] is not to be a refuge for those who negligently fail to make proper objections or who fail to make objections because the trial situation may be considered "difficult to deal with by objections."

*Id.* at 428. (internal citations omitted).

In finding the arguments of counsel in *Critcher* to be so egregious as to require the trial court to address them *sua sponte*, the Court characterized them as follows:

---

**6.** A predecessor to Rule 84.13(c) Missouri Rules of Civil Procedure (2008), Supreme Court Rule 3.27 provided that "[p]lain errors affecting substantial rights may be considered [] on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." *Critcher*, 315 S.W.2d at 427–28.

The argument of defendant's counsel presents a studied effort to convey to the jury the idea that plaintiff and her counsel had conspired to present a "fixed-up" and "framed-up" case, that is, one based on untrue and perjured testimony, and that plaintiff and her counsel had improperly seized upon an opportunity to sue a corporation and present her "framed-up" case because a jury would normally be prejudiced against a corporation. An express and direct charge was made that counsel for plaintiff had attempted to obtain perjured testimony and that they were dishonest and lacking in integrity. From a careful study of the record we conclude that these accusations and denunciations were not based on any evidence or on any legitimate inference from the evidence, and they were not a legitimate reply to argument by opposing counsel. Therefore, the statements went beyond and outside the scope of legitimate argument, they included objectionable personalities and offended against the dignity of the trial court, and they could have been made with no purpose but to arouse and inflame the jury with a feeling of hostility toward and prejudice against plaintiff and her counsel.

*Id.* at 426–27.

Contrary to Plaintiff's characterization of them, we do not find Goodrich's arguments in the instant case to be of such an egregious nature as to require plain error review. The arguments here were much more limited than those made in *Critcher* and also argued reasonable inferences the jury could have drawn from the evidence that had been presented to it.

▉ As to Plaintiff's Point III claim of error, that Goodrich misstated the law in its closing argument by implying that Plaintiff had to provide direct proof of the identity of the slippery substance on the theater floor before Goodrich could be found negligent, she simply states in a conclusory manner that this argument "misled, confused and prejudiced the jury against [P]laintiff." Plaintiff makes no attempt whatsoever to inform this Court as to why this alleged misstatement of the law could not have been adequately addressed by making an objection to it at trial. Plaintiff also fails to explain why any potential prejudice would not have been cured when the trial court instructed the jury on the law applicable to the case.

▉ In summation, "[t]he question of whether to consider an unpreserved matter for possible plain error is entirely discretionary with an appellate court." *State v. Boyd*, 992 S.W.2d 213, 219 (Mo.App. E.D.1999) (citing *State v. Frazier*, 927 S.W.2d 378, 379 (Mo.App. W.D.1996)). While Plaintiff did not mention in her brief that no objections to these closing arguments had been made at trial—and therefore did not request plain error review of the points on appeal—our review of the record satisfies us that we do not abuse our discretion by declining to offer plain error review here. Points I and III are denied.

### B. Abandoned Pleading as Admissible Evidence

In Point II, Plaintiff contends the trial court "erred in sustaining in part Goodrich's motion in limine seeking to prevent the admission into evidence and use of the abandoned pleading filed in this case by Goodrich...." Plaintiff argues the abandoned pleading "contain[ed] numerous highly material factual admissions" by Goodrich and the entire document was therefore admissible and that its receipt into evidence would have materially affect-

ed the outcome of the trial.[7]

■ Goodrich first points out that a ruling on a motion in limine is interlocutory only and additionally argues that Plaintiff "never attempted to introduce the [abandoned pleading] in evidence and never made an offer of proof as to the contents ..." as required to preserve the issue for appellate review. A point relied on that challenges only a trial court's ruling on a motion in limine, "without more, presents no issue on appeal." *Littles v. Cummins*, 854 S.W.2d 45, 47 (Mo.App. S.D.1993). *Accord Henderson v. Fields*, 68 S.W.3d 455, 468 (Mo.App. W.D.2001). Plaintiff concedes that a challenge to a trial court's ruling on a motion in limine, in itself, preserves nothing for review, but argues that she did "revisit the issue" and offered the abandoned pleading into evidence on the second day of trial when her counsel provided the trial court with a copy of *Bank of America, N.A. v. Stevens,* 83 S.W.3d 47 (Mo.App. S.D.2002) and said, "I think the precedent requires for [sic] the entire document to be admitted into evidence."

■ When a point relied on is technically deficient by referring only to a ruling on a motion in limine, we should nonetheless favor a disposition on the merits as long as the point gives this Court and the opposing party sufficient notice as to the issue presented on appeal. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo.1977). As we believe such notice was provided in this case, we will address the trial court's failure to receive the abandoned pleading into evidence on the merits.

■ Construing Point II as a claim that the trial court erroneously refused to receive the abandoned pleading into evidence, we must first determine whether Plaintiff ever actually offered it into evidence. As earlier noted, Plaintiff on the second day of trial said she wanted to "clarify [or] readdress" the trial court's prior in limine ruling on the issue of the admissibility of the abandoned pleading, presented the trial court with a copy of the *Bank of America* case, and said "I think the precedent requires for [sic] the entire document to be admitted into evidence." Also as earlier noted, the abandoned pleading was never marked as an exhibit and Plaintiff did not ever say she was actually offering it into evidence. The trial court's response to Plaintiff's actual request was "[m]y ruling stands. You can read [paragraphs eight and ten] and say they were pleadings filed by Goodrich, but that will be it." Plaintiff took no additional action at that time and simply read aloud paragraphs eight and ten to the jury when it returned to the courtroom.

In a later ruling not challenged by Plaintiff on appeal, the trial court refused to receive into evidence Exhibit 15 when it was clearly "offered into evidence" by Plaintiff as evidenced by the following exchange:

[The Court]: What was that last evidentiary matter you had ... ?

[Plaintiff's Counsel]: Your Honor[,] [w]e have marked as Plaintiff's Exhibit 15, basically it's just the excerpt from [the abandoned pleading]. And we had discussed previously paragraphs 8 and 10

---

7. Plaintiff does not provide us with any legal support for its argument that an entire document must be received into evidence once a portion of it is shown to be admissible. In fact, the authority is to the contrary. *See State v. Harvey,* 641 S.W.2d 792, 803 (Mo. App. W.D.1982) (no error in refusing to receive a document that commingled admissible and inadmissible segments); *Ensminger v. Stout,* 287 S.W.2d 400, 407 (Mo.App.K.C. 1956) (document containing hearsay and legal conclusions may be refused if no effort is made to offer only the admissible portions).

and Your Honor had indicated I would be permitted to read that. And I'm offering into evidence at this time, Plaintiff's Exhibit 15, which is nothing more than those two paragraphs, numbers 8 and 10. There's nothing else on it.

We hold that Plaintiff's earlier request that the trial court "clarify [or] readdress" its prior ruling coupled with the statement "I think the precedent requires for [sic] the entire document to be admitted into evidence" was not a request that the document actually be "received into evidence." The trial court could not have erroneously refused to receive what was never actually offered.

▪▪▪ Assuming, *arguendo*, that Plaintiff's actions here did constitute a request that the abandoned pleading be received in evidence, the trial court would still not have abused its discretion by refusing to do so. The admission or exclusion of evidence lies within the sound discretion of the trial court and will not be overturned unless the court abused its discretion. *Nelson v. Waxman*, 9 S.W.3d 601, 603 (Mo.2000). The burden of establishing an abuse of discretion is on the appellant. *Burns v. Elk River Ambulance, Inc.*, 55 S.W.3d 466, 480 (Mo.App. S.D.2001). In determining whether the trial court abused its discretion in excluding evidence, "[t]he focus is not on whether the evidence was admissible but on whether the trial court abused its discretion in excluding the evidence." *Id.* (citing *Aliff v. Cody*, 26 S.W.3d 309, 314 (Mo.App. W.D. 2000)). The trial court's ruling will be upheld "when any recognizable ground exists on which the trial court could have rejected the evidence." *Id.* We presume such discretionary rulings are correct, *Anglim*, 832 S.W.2d at 303, and an abuse of discretion will not be found unless the trial court's ruling "is clearly against the logic of the circumstances then before the trial

court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful deliberate consideration." *Richardson v. Colonial Life & Acc. Ins. Co.*, 723 S.W.2d 912, 915 (Mo.App. W.D.1987); *Nelson*, 9 S.W.3d at 604.

▪▪▪ When Plaintiff again raised the issue of the admissibility of the abandoned pleading on the second day of trial, the trial court stated:

Actually, my concern is ... how it is we're going to explain to the jury or the fact that there was another party involved and that party's no longer in the case. And that's going to get confusing. And if you put the whole pleading in, that was really what I had in mind as far as segregating out portions of it and reading it. That way you can say this is a pleading that's earlier filed in this case, and here's what it said, and then we don't have to go down the road of and there was another party in the case that got dismissed out on summary judgment.

The abandoned pleading related to factual averments Goodrich had once asserted against Jester, an entity no longer in the case and whose identity and interests would have to be explained to the jury if the abandoned pleading were to be received in evidence. Again assuming, for the sake of argument, that the abandoned pleading was actually admissible, confusion of the issues is a recognizable ground for refusing to receive otherwise admissible evidence and we would find no abuse of discretion in refusing to receive it under the circumstances present here. *See Brown*, 856 S.W.2d at 56 (holding that the trial court did not abuse its discretion in excluding evidence when "the potential for jury confusion and the introduction of collateral issues justified the exclusion of evi-

dence."). Point II is also denied and the judgment is affirmed.

LYNCH, C.J., and PARRISH, J., Concurs.