**Loretta PHELPS, Respondent,**

v.

**Clay R. PHELPS and Vicki Phelps, his wife, Appellants.**

**No. SD 29074.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 9, 2009.

Petition for Rehearing or Transfer Denied Dec. 1, 2009.

Application for Transfer Denied Jan. 26, 2010.

Stephen P. Wilson, Jones, Schneider and Bartlett, LLC, Columbia, for Appellants.

Thomas F. Robison, Thornton & Robison, Sikeston, for Respondent.

DANIEL E. SCOTT, Chief Judge.

For almost 25 years, Appellants Clay and Vicki Phelps lived in a farmhouse owned by Clay's mother, Loretta. Disagreements arose and Loretta told Appellants to vacate, but they refused. Loretta

sued for unlawful detainer and won. Appellants claim the trial court abused its discretion in excluding evidence that Loretta orally had promised the farm to Clay in return for his remodeling work on Loretta's other houses.[1] We find no error and affirm the judgment.

### Unlawful Detainer—Title Issues and Equitable Defenses

 Chapter 534[2] unlawful detainer proceedings are summary in nature. *Lake in the Woods Apartment v. Carson,* 651 S.W.2d 556, 558 (Mo.App.1983).

> The unlawful detainer statute is an exclusive and special code to which the ordinary rules and proceedings of other civil actions do not apply. The sole issue is the immediate right of possession. Issues relating to title or matters of equity, such as mistake, estoppel and waiver, cannot be interposed as a defense.

*Id.* (citations omitted).[3] Appellants argue that *Henze v. Shell Oil Co.,* 758 S.W.2d 93 (Mo.App.1988) offers an exception to these well-established rules, but the "common fact" in *Henze* and its cited cases[4] was "a written agreement to buy" the real estate in question. *Id.* at 98.

In contrast, *Bach v. McGrath,* 982 S.W.2d 734 (Mo.App.1998), like the instant case, involved defenses based on an alleged oral agreement. "Defendant's theories are equitable defenses which may not appro-

priately be advanced in an unlawful detainer action. *There is no written agreement signed by the Plaintiffs to sell the real estate in question.*" (our emphasis). *Id.* at 736 (also specifically distinguishing *Vatterott, supra* note 4, because it involved "a written land sales contract").

While Defendant may prevail on such arguments if he brings a suit in equity for specific performance, he cannot raise them as defenses to an unlawful detainer action. Issues related to title or matters of equity may not be interposed as defenses in an unlawful detainer action. Unlawful detainer actions are summary proceedings where the sole issue in contention is the immediate right of possession. The limited scope of an unlawful detainer action requires a separate equitable suit for Defendant's claims.

*Id.* (citations omitted).

In the absence of a favorable case involving an oral agreement—and Appellants cite none—we share the trial court's view that Appellants were "begging a fresh argument to make an equitable defense." Since equitable defenses are not cognizable in an unlawful detainer action, the trial court did not err in rejecting Appellants' evidence on that basis.

### Section 534.300

 Alternatively, Appellants assert that such evidence was relevant to their § 534.300[5] limitations defense.

---

1. Appellants concede that "admission or exclusion of evidence lies within the sound discretion of the trial court and will not be overturned unless the court abused its discretion," and that Appellants have the burden to prove such abuse. *Arrington v. Goodrich Quality Theaters, Inc.,* 266 S.W.3d 856, 864 (Mo.App.2008). The trial court's ruling will be upheld if there was any reasonable basis to reject the evidence. *Id.*

2. Statutory citations are to RSMo 2000.

3. *See also* § 534.210 ("The merits of the title shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter.")

4. *See Ragsdale v. Phelps,* 90 Mo. 346, 2 S.W. 300 (Mo.1886) and *Vatterott v. Kay,* 672 S.W.2d 733 (Mo.App.1984), as discussed in *Henze,* 758 S.W.2d at 97–98.

5. **534.300. Three years' possession a bar to the action**

RSMo § 534.300 bars unlawful detainer actions where the premises have been occupied continuously for over three years. However, a landlord-tenant relationship makes RSMo § 534.300 inapplicable. *See F.A. Sander Real Estate & Inv. Co. v. Becker,* 202 S.W.2d 549, 551 (Mo.App.St.L.1947).

*Kohnen v. Hameed,* 894 S.W.2d 196, 200 (Mo.App.1995). Appellants maintain that evidence of Loretta's oral agreement "was relevant to show that the nature and character of Appellants' possession was not as tenants" and that § 534.300 thus barred Loretta's claim. This argument misapprehends why § 534.300 does not apply to a tenant's possession.

■ The limitations clock does not run during a tenancy because such possession is not adverse to the landowner:

At the expiration of a lease, it is the tenant's duty to surrender the premises, and when his time expires, he becomes an unlawful detainer. The tenant's uninterrupted possession is "by and with the consent" of the landlord. At the point the landlord-tenant relationship terminates, the tenant's possession thereafter is adverse, which triggers the running of the three-year period described in § 534.300.

*P.M. Const. Services, Inc. v. Lewis,* 26 S.W.3d 284, 290 (Mo.App.2000) (citations omitted). "Section 534.300 is a statute of limitations that does not commence to run until there is an unlawful detainer." *JP Morgan Chase Bank v. Tate,* 279 S.W.3d 236, 239 (Mo.App.2009)(citing *P.M. Const. Services,* 26 S.W.3d at 290, and *F.A. Sander Real Estate,* 202 S.W.2d at 551).

The record shows that Appellants' possession was by and with Loretta's consent until just before she filed suit. Appellants do not argue otherwise, or claim that they unlawfully detained the property for three years. Their "tenancy" arguments thus miss the mark, and are no basis for challenging the trial court's refusal to admit evidence of Loretta's alleged oral promise to convey. Judgment affirmed.

RAHMEYER, J., and LYNCH, P.J., concur.

The provisions of this chapter shall not extend to any person who has had the uninterrupted occupation or been in quiet possession of any lands or tenements for the space of three whole years together, immediately preceding the filing of the complaint, or who has continued three whole years in the peaceable possession after the time for which the premises were demised or let to him, or those under whom he claims, shall have expired.