**WOMEN'S HEALTHPARTNERS, INC. and Women's Health Partner, LLC, Plaintiffs/Appellants,**

v.

**RIVER LANDING, LLC, Defendant/Respondent.**

**No. ED 99179.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 26, 2013.

William Burris, Clayton, MO, J. Richard McEachern, St. Louis, MO, for Appellant.

Thomas Glick, Clayton, MO, Bart Zuckerman, St. Louis, MO, for Respondent.

## INTRODUCTION

LISA S. VAN AMBURG, Presiding Judge.

Plaintiffs Women's Health Partners, Inc. and Women's Health Partners, L.L.C., (collectively "Partners") appeal the judgment of the Circuit Court of St. Louis County in favor of defendant River Landing, L.L.C. (hereinafter "River Landing"). After a bench trial, the trial court held, inter alia, that Partners did not establish exclusive possession of the storage space at issue so as to maintain an action for forcible entry and detainer. On appeal, Partners argue that the trial court's judgment was in error, because they did have exclusive possession of the storage space, and because River Landing was not entitled to "self help" by moving Partners' possessions out of the storage space without judicial process and court order. We affirm the trial court's judgment.

## FACTS

Partners own an obstetrics and gynecology medical practice that leased office space from River Landing in a multiple unit building at 211 North Meramec Avenue in Clayton, Missouri. The lease provided that Partners would temporarily occupy a unit on the third floor of the building while River Landing made improvements on Partners' permanent unit on the second floor. Additionally, the lease provided Partners with temporary storage space elsewhere in the building for their extra furnishings, medical equipment, and records.

Not long after Partners moved into the building, the parties began to dispute which area of the building Partners were allowed to use for storage space. Partners had moved their belongings into unoccupied units on the second and third floor, and River Landing wished for Partners to move their belongings out of the second floor unit so that it could be renovated for an additional tenant. Eventually, River Landing unilaterally removed Partners' belongings from the second floor unit and placed them on the third floor.

Partners filed suit against River Landing in the Circuit Court of St. Louis County for forcible entry and detainer. After a bench trial, the court entered judgment in favor of River Landing. This appeal follows.

## DISCUSSION

█ In their first point, Partners argue that the trial court erred by concluding they did not have "exclusive possession" of the storage space, which is a necessary element of proof in an action for forcible entry and detainer. Specifically, they contend no evidence was presented that the space was ever used by River Landing.

█ As this was a bench-tried case, "we defer to the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *P.M. Constr. Servs., Inc. v. Lewis*, 26 S.W.3d 284, 286 (Mo.App.W.D.2000); *see also Meier v. Schrock*, 405 S.W.3d 31, 35 (Mo.App. E.D.2013). "Furthermore, we consider the evidence in the light most favorable to the party prevailing [at trial], give that party the benefit of all reasonable inferences, and disregard the other party's evidence except as it may support the judgment." *Id.* at 287. "We also give due regard to the trial court's determination of the credibility of the witnesses." *Id.*

█ Under section 441.233, R.S.Mo. (2000), "a landlord or its agent who removes or excludes a tenant or the tenant's personal property from the premises without judicial process and court order ... shall be deemed guilty of forcible entry and detainer."[1] The sole issue is whether the tenant had actual possession of the premises, not whether the tenant had the legal right of possession, "since one may

1. Section 534.020, R.S.Mo. (2000), provides a more colorful definition of forcible entry and detainer in the idiom of the 1930s:

    If any person shall enter upon or into any lands, tenements or other possessions, with force or strong hand, or with weapons, or by breaking open the doors or windows or other parts of a house, whether any person be in it or not, or by threatening to kill, maim or beat the party in possession, or by such words or actions as have a natural tendency to excite fear or apprehension of danger, or by putting out of doors or carrying away the goods of the party in possession, or by entering peaceably and then turning out by force, or frightening, by threats or other circumstances of terror, the party out of possession, and detain and hold the same—in every such case, the person so offending shall be deemed guilty of a "forcible entry and detainer" within the meaning of this chapter.

be in wrongful possession, yet he cannot be disposed against his will." *Allen v. Harris,* 755 S.W.2d 393, 395 (Mo.App.E.D. 1988). Nevertheless, "no one can maintain an action of forcible entry and detainer who at the time of his dispossession was not in the exclusive possession of the [premises]." *Bixeman v. Reichel,* 187 S.W. 269, 270 (Mo.App.1916).

Here, the record shows that Partners did not have exclusive possession of the storage space. The trial court found that "River Landing also had access to and stored some of its property in these same spaces." This finding is supported by the testimony of River Landing's property manager, who stated that River Landing used the space to store "some doors, some lights, different things like that ... to use whenever [it] needed them." The property manager further testified that River Landing "would send people up [to the storage space] all the time to get lights and different things like that." As explained supra, "we consider th[is] evidence in the light most favorable" to River Landing and give it "the benefit of all reasonable inferences." *P.M. Constr. Servs.,* 26 S.W.3d at 287. We think it only logical that a *storage* space in which more than one party *stores* its belongings is not in the exclusive possession of either party. Accordingly, we defer to the trial court's conclusion that Partners were not in exclusive possession of the storage space. Because "no one can maintain an action of forcible entry and detainer who ... was not in ... exclusive possession," *Bixeman,* 187 S.W. at 270, we need not address Partners' additional arguments.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

