

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **STEVEN S. STERLING, ET AL.,** | ) | |
| | ) | |
| **Respondents,** | ) | **WD79063** |
| | ) | |
| **v.** | ) | **OPINION FILED: January 17, 2017** |
| | ) | |
| **TROY LONG,** | ) | |
| | ) | |
| **Appellant.** | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Kenneth R. Garrett III, Judge

Before Division Four: Mark D. Pfeiffer, Chief Judge, Presiding, Thomas H. Newton, Judge and Gary D. Witt, Judge

Troy Lee Long ("Long") appeals the entry of judgment against him by the Circuit Court of Jackson County in favor of Sterling Real Estate Acquisitions, LLC ("Sterling Acquisitions") and Steven Sterling ("Sterling" and collectively "the Respondents") and granting the Respondents restitution of the premises and damages. Long raises three points on appeal. Long challenges the court's authority to grant the judgment (Point One) and argues that the Respondents failed to prove each element of the unlawful detainer action

(Point Two) and that the court's decision was against the weight of the evidence (Point Three).  We affirm.

## Factual Background[1]

Long began residing at 901 SW Woods Chapel Road, Blue Springs, Missouri ("the Property") in late 2004 or early 2005.  The Property originally belonged to his grandparents, and after their passing the Property was placed into the Villa De Alongi Trust ("the Trust"), of which Long was a beneficiary.  Within a year of Long taking up residence at the Property, his uncle Jerry Bridge ("Bridge") also began periodically residing at the Property.

In 2010, the Property was transferred out of the Trust and to Bridge.  Following the transfer, both Long and Bridge continued to reside at the Property.  There was no lease agreement, oral or written, between Bridge and Long at this time.  In February of 2012, Sterling purchased the Property from Bridge through Sterling Acquisitions and leased the Property back to Bridge, which included an option for Bridge to re-purchase the Property.  Even though the lease was between Sterling and Bridge, Sterling knew Long continued to reside at the Property and agreed that Long could still reside there so long as Bridge maintained his payments pursuant to the lease.

Bridge made payments under the lease for approximately two years.  Bridge defaulted on payments in August of 2014, and on August 5, 2014 Bridge and Long were given notice to vacate the Property.  Bridge had vacated the premises sometime in the

---

[1] We view the evidence, and permissible inferences therefrom, in the light most favorable to the trial court's judgment, and we disregard all contrary evidence and inferences.  *Blue Ridge Bank & Trust Co. v. Trosen*, 309 S.W.3d 812, 815 (Mo. App. W.D. 2010).

middle of 2014, but Long continued to reside at the Property and still resided there at the time of trial in 2015. Respondents filed their Petition in December of 2014 and their Amended Petition in April of 2015 for unlawful detainer. The cause was tried to the court. The trial court issued its judgment against Long and in favor of the Respondents. The court awarded restitution of the premises to the Respondents and damages in the sum of $18,928.00 together with continuing damages in the sum of $1,352.00 per month until possession of the premises is restored to the Respondents. Long now appeals.

## Standard of Review

> As in any court tried case, we review the trial court's judgment under the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). [*Blue Ridge Bank & Trust Co. v. Trosen*, 221 S.W.3d 451, 457 (Mo. App.W.D.2007) ("Trosen I")] "Accordingly, the judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *McNabb v. Barrett*, 257 S.W.3d 166, 169 (Mo. App. W.D. 2008) (internal quotation omitted). "We view the evidence, and permissible inferences therefrom, in the light most favorable to the trial court's judgment, and we disregard all contrary evidence and inferences." *Brown v. Mickelson*, 220 S.W.3d 442, 447 (Mo. App. W.D. 2007) (internal quotation omitted). "We defer to the trial court's factual findings, giving due regard to the trial court's opportunity to judge the credibility of the witnesses." *Id.* (internal quotation omitted). This court "is primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result. Thus, the judgment will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Trosen I*, 221 S.W.3d at 457 (internal quotation and citation omitted).

*Blue Ridge Bank & Trust Co. v. Trosen*, 309 S.W.3d 812, 815-16 (Mo. App. W.D. 2010).

Whether the trial court had the authority to render a judgment in a particular case is an issue that this court reviews *de novo*. *See Ground Freight Expeditors, LLC v. Binder*, 359 S.W.3d 123, 126 (Mo. App. W.D. 2011).

3

## Analysis

## Point One

In Point One, Long argues that the trial court lacked authority, pursuant to section 534.300,[2] to enter its judgment against Long because he had been in continuous, peaceful, and uninterrupted possession and occupation of the Property for a period of more than three whole years immediately preceding the filing of the unlawful detainer action.

The Respondents' claim was brought pursuant to Chapter 534, which governs actions for unlawful detainer. Section 534.300 limits the ability to bring an action for unlawful detainer in certain circumstances. That section reads as follows:

> The provisions of this chapter shall not extend to any person who has had the uninterrupted occupation or been in quiet possession of any lands or tenements for the space of three whole years together, immediately preceding the filing of the complaint, or who has continued three whole years in the peaceable possession after the time for which the premises were demised or let to him, or those under whom he claims, shall have expired.

Section 534.300. Long argues that he has been residing on the Property continuously since at latest early 2005 and the action was brought against him in 2014, and, therefore, this statute bars the Respondents' action against him. The Respondents argue first that Long failed to file a responsive pleading and failed to raise section 534.300 as an affirmative defense and thus cannot be protected by the statute and, secondly, that the statute did not begin to run until Long was given notice to quit the Property. The court found that the three year period did not begin to run until Long was given notice to quit the Property and

---

[2] All statutory references are to the Revised Statutes of Missouri 2000 as currently supplemented, unless otherwise indicated.

4

Long refused to vacate the premises. Therefore, the court concluded that the statute does not protect him as the requisite three-year period prior to the filing of the complaint had not accumulated.

Section 534.300 is

> purely a statute of limitations, which, as it plainly states, precludes the maintenance of an action [for unlawful detainer] against one who has had the uninterrupted occupation or quiet possession of the premises for a period of three years immediately preceding the filing of the complaint, or who has continued in peaceable possession for three years after the expiration of the time for which the premises were let to him.

*P.M. Constr. Servs., Inc. v. Lewis*, 26 S.W.3d 284, 290 (Mo. App. W.D. 2000) (quoting *F.A. Sander Real Estate & Inv. Co. v. Becker*, 202 S.W.2d 549, 551 (Mo. App. 1947)).

It has been repeatedly explained by our courts that section 534.300 does not begin to run while there is a landlord-tenant relationship but only after the tenant's refusal to give up possession to the landlord. *See e.g., F.A. Sander Real Estate & Inv. Co.*, 202 S.W.2d at 551; *Kohnen v. Hameed*, 894 S.W.2d 196, 200 (Mo. App. E.D. 1995); *P.M. Constr. Servs., Inc.*, 26 S.W.3d at 290.

> At the expiration of a lease, it is the tenant's duty to surrender the premises, and when his time expires, he becomes an unlawful detainer. *Grant v. White*, 42 Mo. 285, 287 (1868). The tenant's uninterrupted possession is "by and with the consent" of the landlord. *Id*. At the point the landlord-tenant relationship terminates, the tenant's possession thereafter is adverse, which triggers the running of the three-year period described in § 534.300.

*P.M. Constr. Servs. Inc.*, 26 S.W.3d at 290.

The trial court made two findings regarding Long's tenancy. First, the court found that Long held possession of the Property under Bridge, presumably from 2010 when Bridge became the owner of the Property, until February of 2012 when Bridge sold the

5

Property to the Respondents. Second, the court found that beginning in 2012 Bridge had a landlord-tenant relationship with Sterling, and that Long's "possession of the premises was with at least the oral permission of [Respondents]". Sterling testified that he agreed that Long could reside on the Property with Bridge so long as Bridge continued to make monthly payments.

The trial court was correct that pursuant to Section 534.300 an action for unlawful detainer does not begin to accrue until the possession of the premises by the occupant is adverse to the landowner. *See Phelps v. Phelps*, 299 S.W.3d 707, 710 (Mo. App. S.D. 2009) (An unlawful detainer does not begin until a tenancy is *adverse to the landowner*, i.e. without his or her consent). *See also P.M. Constr. Servs. Inc*., 26 S.W.3d at 290 ("More basically, it does not make sense for a statute of limitations clock to begin ticking before a cause of action accrues or a plaintiff is even known. The legislatively created remedy could be wiped out before the wrongful act happened"). As stated above, Sterling testified that Long resided on the Property with his consent. We defer to the trial court's determinations of credibility and findings of fact. *Trosen*, 309 S.W.3d at 815-16. Long's tenancy did not become adverse to the *Respondents* until August of 2014.

That there was no written landlord-tenant agreement between Long and Sterling is inconsequential, as Long resided on the Property as a tenant under the lease executed by Bridge and with the consent of Sterling. This is sufficient to create a landlord-tenant relationship for the purposes of section 534.300. *See Phelps*, 299 S.W.3d at 710. In *Phelps*, a son and daughter-in-law lived in a residence owned by the son's mother for almost twenty-five years. *Id*. at 708. In that case, it appears that there was no formal lease and

6

the operative fact on appeal was that the son and daughter-in-law lived at the premises with the consent of the mother. *Id*. at 710. The court held that the unlawful detainer statute of limitations could not begin to run until the mother had withdrawn her consent. *Id*.

Bridge and Long contemporaneously received notice to quit the Property in August of 2014, at which time Long's possession of the Property became adverse and the limitations period of section 534.300 began to run. As the petition was filed in December of 2014, Long cannot be protected by section 534.300. Because we have found that the trial court correctly concluded that the limitations period within section 534.300 had not expired under the facts of this case, we need not decide whether Long could have relied upon the statute given his failure to file a responsive pleading and raise section 534.300 as an affirmative defense or whether this issue was tried by consent.

Point One is denied.

### Points Two and Three

As Points Two and Three are related, we will consider them together. In Point Two, Long argues the trial court misapplied the law in granting judgment for restitution and damages in favor of the Respondents because they failed to prove each and every element of their unlawful detainer action against him in that they failed to present any evidence that Long committed any of the acts or omissions set forth in section 534.030 that would cause him to be guilty of an "unlawful detainer." In Point Three, Long argues that the trial court's decision that Long committed any of the acts or omissions set forth in section 534.030 is against the weight of the evidence.

7

Section 534.030.1 provides, as relevant to this appeal, that

> [w]hen any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person, or the person under whom such person claims [ . . . ] and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession [ . . . ] shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer."

This section has been described as applying to hold-over tenants. *See P.M. Constr. Services, Inc. v. Lewis*, 26 S.W.3d at 288.

Although Long vociferously argues that he was not a tenant, as already found in Point One, the evidence supports the trial court's finding that Long resided at the Property pursuant to the lease executed by Bridge and with the permission of Sterling. Section 534.030 clearly states that any person who holds over possession of property let to him "or the person under whom such person claims" may be guilty of an unlawful detainer. Long clearly falls within this class as he resided as a tenant on the Property under the lease executed by Bridge with Sterling's consent until August of 2014, after which time Long became a hold-over tenant when he refused to quit the Property. Long does not argue that the Respondents failed to satisfy any other requirement to sustain their claim for unlawful detainer. The trial court did not misapply the law, and the trial court's finding that Long refused to quit the Property after the lease under which he had possession of the Property was terminated and after having received notice from Respondents demanding that he do so was not against the weight of the evidence.

Points Two and Three are denied.

## Conclusion

The judgment of the circuit court is affirmed.

_____
Gary D. Witt, Judge

All concur