Patricia MADRIGAL, et al., Respondents,

v.

Alan D. LARNED, Appellant.

No. WD 51716.

Missouri Court of Appeals,
Western District.

Submitted April 10, 1996.

Decided Oct. 29, 1996.

Karl H. Timmerman, Holden, for appellant.

Party acting pro se.

Before LAURA DENVIR STITH, P.J.,
and ULRICH and SMART, JJ.

## PER CURIAM.

On March 22, 1991, Chad Larned, Trisha Larned, and Gabriel Larned, by their next friend and natural mother, Patricia Madrigal, filed an action seeking a declaration of paternity against Alan Larned. On May 24, 1995, the trial court entered an order awarding joint physical custody of the children, with primary physical custody awarded to Ms. Madrigal. Mr. Larned was ordered to pay mother $596.03 per month in child support. Furthermore, Mr. Larned was ordered to "pay petitioner through the office of the Court Administrator child support arrearage of $10,814.80, payable $175 per month until the entire balance is paid in full."

On June 22, 1995, Mr. Larned filed a motion to reconsider judgment, claiming that there was no factual basis for the award of $10,814.80 in back child support. On November 1, 1995, after the 90 day period required by Rule 78.06 for the judgment to become final and after the trial court had lost jurisdiction, the trial court entered an order amending its May 24, 1995 order. The trial court concluded that its earlier order was flawed and stated, "The award to petitioner of $10,814.80 for child support arrearage is not based on substantial evidence in the record and is a nullity, being incapable of enforcement and the award of $10,814.80 is set aside and declared void." The amended judgment of November 1, 1995, mentions that arguments were heard on the motion on September 29, 1995. We have no information as to what evidence and arguments were considered prior to the May 24 order. The record on appeal does not include any transcript of the May 24 hearing. The legal file does not disclose the basis of the original award, nor the basis of the purported amended order.

The appeal was filed on October 2, 1995, well before the trial court's November

1, 1995 attempt to amend its order of May 24, 1995. Although Mr. Larned's notice of appeal indicated he was appealing the May 24 judgment, his Point Relied on appears to challenge the November 1 order. It is evident, however, that Mr. Larned believes the May 24 order was erroneous, and claims that the trial court erred in failing to act timely to modify the May 24 order. Mr. Larned provides us with no authority for the proposition that the court had a *duty* to rule on his motion within any particular time frame. Rule 78.06 provides that if the after trial motion "is not passed on within 90 days after the motion is filed, it is denied for all purposes." The court thus has the option under Rule 78.06 to withhold a ruling during the 90 days following the filing of the motion. The legal effect of withholding a ruling is to deny the motion. If a court does not act to timely modify or amend an improper order, the remedy of the party aggrieved is to appeal the improper order.

■ Appellant's attack on the May 24 order suffers from the lack of a record which would show that the trial court's order was not supported by the evidence. Appellant had an opportunity to file a transcript or stipulation as to the basis of the May 24 order. Appellant declined to do so. After we initially ruled against appellant due to our inability to review the judgment, appellant applied for rehearing and asked for leave to file a transcript out of time. Rehearing was granted, and appellant was again granted leave to file a transcript. Appellant then, for unexplained reasons, filed a transcript of the September 29 hearing, but filed no record as to the May 24 hearing. We still are unable to determine the basis of the May 24 order. The transcript of the September 29 hearing proves that Mr. Larned made substantial support payments over a period of years. However, we have nothing that would show whether Mr. Larned paid the full amount which was due as child support.[1] Appellant has not briefed the evidence at all. While we believe that the trial judge thought that the May 24, 1995 judgment was unsupported by the evidence, we have been given no tools to work with in this appeal to confirm the trial court's belief. Again, we fail to see how we are able to review any action of the trial court in this case.

Appellant's final paragraph of his brief asks this court to declare retroactively that the November 1 ruling is a valid *nunc pro tunc.* We have no basis on which to do so. The trial court did not purport to be correcting a clerical error in the November 1 order. It also does not appear on its face to be a *nunc pro tunc,* but rather an attempt to correct a judicial error. *Gibson v. White,* 904 S.W.2d 22, 26 (Mo.App.1995). In any event, we cannot grant any relief which requires that we have a record to give us a factual basis to do so.

Appeal dismissed.

---

1. In the September 29 hearing, the court came to no resolution as to whether the earlier order was proper, but set aside the earlier order in anticipation of conducting a further hearing. The problem, however, was that the court had no jurisdiction when it conducted the hearing on September 29 (the court's jurisdiction having expired about a week earlier) and no jurisdiction on November 2, when the order was entered. Respondent has not conceded that there is any error with the May 24 order, and Appellant has not shown it.