**Charles COYLE, Respondent/Cross–Appellant,**

v.

**CITY OF ST. LOUIS, Appellant.**

**No. ED 97509.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 10, 2013.

that the City discriminated against him on the basis of his race when it failed to promote him to the position of Fire Chief for the City of St. Louis Fire Department. The City asserts the trial court erred in denying its motion for mistrial and subsequent motion for a new trial because: (1) Plaintiff's counsel engaged in misconduct when he violated the terms of Plaintiff's motion in limine to exclude evidence of a former fire chief's appeal of his demotion; and (2) the court's exclusion of a Civil Service Commission determination that the former fire chief's demotion was not motivated by race and a Missouri Court of Appeals opinion upholding that determination prejudiced the City. Plaintiff cross-appeals, claiming that the trial court erred in denying his motion to amend the judgment to include: (1) equitable relief and (2) attorneys' fees. We affirm in part and reverse in part.

### Factual and Procedural Background

Plaintiff, who is African American, began working for the Fire Department as a probationary firefighter in 1978. After one year as a probationary firefighter, Plaintiff became a permanent firefighter and continued to progress through the ranks of the Fire Department [1] until May 2000, when then Fire Chief Sherman George promoted Plaintiff to deputy fire chief. In July 2000, Chief George appointed Plaintiff the City's fire marshal, making Plaintiff the highest ranking of the Fire Department's four deputy fire chiefs.

Nancy R. Kistler, St. Louis, MO, for appellant.

Jerome J. Dobson, St. Louis, MO, for respondent/cross-appellant.

PATRICIA L. COHEN, Judge.

### Introduction

The City of St. Louis appeals the trial court's judgment in favor of Deputy Fire Chief Charles Coyle (Plaintiff) on his claim

---

1. "The organizational structure of the fire department is a chain of command similar to the police department or, more generally, the military." *George v. Civil Service Commission,* 318 S.W.3d 266, 268 (Mo.App.E.D. 2010). "The fire chief oversees more than 700 firefighters and over 200 other employees, primarily emergency medical technicians and approximately twenty civilian employees." *Id.* According to the record on appeal, below the fire chief are four deputy fire chiefs, including a fire marshal, which is considered the highest-ranking deputy position. Below the deputy fire chiefs are 20 battalion fire chiefs, and below the battalion fire chiefs are fire captains. The lowest rank in the Fire Department is fire private, or firefighter.

In October 2007, the City's Director of Public Safety Charles Bryson demoted Chief George to deputy fire chief because he refused orders to make promotions to fill existing vacancies within the Fire Department. Chief George retired shortly thereafter and filed an appeal with the Civil Service Commission of the City of St. Louis in which he challenged the validity of Mr. Bryson's order and alleged racial discrimination and constructive discharge. After a hearing, the Civil Service Commission determined that Chief George's demotion was not based on race, and the Missouri Court of Appeals affirmed that determination. *George v. Civil Service Commission*, 318 S.W.3d 266, 268 (Mo. App.E.D.2010).

Following Chief George's demotion, Mr. Bryson interviewed Plaintiff for the position of interim fire chief, but appointed deputy fire chief Steve Kotraba, who is white. Mr. Bryson also interviewed Plaintiff for the permanent fire chief position. Despite Plaintiff's superior rank within the Fire Department, successful performance on the promotional test, accomplishments as the City's fire marshal, and years of experience filling in for Chief George, Bryson appointed Dennis Jenkerson, a white battalion chief, to the fire chief position.

Thereafter, Plaintiff filed a claim with the Missouri Human Rights Commission. After receiving a notice of right to sue, Plaintiff filed suit under the Missouri Human Rights Act (MHRA) alleging that the City discriminated against him on the basis of race when it failed to promote him to the position of fire chief.

■ Prior to trial, Plaintiff moved in limine for an order excluding "evidence of the determination made by the Civil Service Commission in connection with Chief George's claims and evidence that the Court of Appeals affirmed that determination."[2] In his motion and at the pre-trial hearing on the motion, Plaintiff conceded that evidence of Chief George's allegations of race discrimination and constructive discharge were relevant to show his bias against the City.[3] At the pre-trial hearing, Plaintiff's counsel informed the trial court that he did "not intend to argue or even suggest that" Chief George was demoted because of race and argued that admission of the Civil Service Commission's and Court of Appeals' determinations as to Chief George would prejudice Plaintiff. Plaintiff's counsel explained:

[T]he results of those claims is primarily what we're trying to keep out, because there is also no merit to Plaintiff's claim of race discrimination, which would be unfairly prejudicial to Plaintiff.

5. Accordingly, Plaintiff moves the Court to exclude evidence of the determination made by the Civil Service Commission in connection with George's claim and evidence that the Court of Appeals affirmed that determination.

---

**2.** Plaintiff's motion in limine stated:

4. Plaintiff concedes that evidence of George's allegations of race discrimination and constructive discharge are relevant to show bias. However, evidence of the determination made by the Civil Service Commission and evidence that the Court of Appeals affirmed that determination do not have any probative value and should be excluded at trial. Even if such evidence had any probative value, any such probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. If the jury learns that the Civil Service Commission and the Court of Appeals concluded that there was no merit to George's claim of race discrimination, the jury may be led to believe that

**3.** As a general proposition, the interest or bias of a witness is always a relevant issue in a lawsuit because the jury is entitled to information that might affect the credibility of a witness and the weight to be given his or her testimony. *Newell Rubbermaid, Inc. v. Efficient Solutions, Inc.*, 252 S.W.3d 164, 171–72 (Mo.App.E.D.2007).

we don't want them to be able to put on evidence that there was a finding that his claims ... it's going to confuse the jury. It's unfairly prejudicial to the Plaintiff because they may find that well, if the Court found that Chief George wasn't discriminated against, maybe Charles Coyle wasn't discriminated against either. So ultimately what we're trying to keep out is the result, is the finding by the Civil Service Commission and the Court of Appeals.

The trial court ruled that, because the fact that Chief George filed a claim was relevant to his bias as a witness testifying at trial, the City could ask Chief George whether he filed a claim against the City challenging his demotion, but neither party could introduce evidence relating to the nature or outcome of Chief George's claim.

At trial, Plaintiff called Chief George as his first witness. Among other things, Chief George testified to the organizational structure of the Fire Department and the circumstances surrounding his demotion and subsequent retirement. Chief George stated that he failed to follow orders from Mayor Francis Slay, Mr. Bryson, and Mr. Bryson's predecessor Sam Simon, directing him to make promotions within the Fire Department. Chief George testified that Mr. Bryson demoted him on October 1, 2007 and he left the Fire Department on October 12, 2007. Plaintiff's counsel asked Chief George, "Now, Chief George, did you file a claim against the [C]ity relating to your demotion?," and Chief George answered, "Yes, I did." The City counselor objected and, after an off-the-record discussion, the trial court sustained the City's objection, denied the City's request for a

mistrial, and instructed the jury to disregard the question and answer.

Prior to cross-examining Chief George, the City counselor made an offer of proof regarding the Civil Service Commission's determination that Chief George's demotion was not discriminatory and the Court of Appeals' affirmance. Plaintiff renewed his objection to this evidence, and the trial court sustained the objection. The trial court explained that the risk of creating juror confusion "greatly outweighs the minimal probative value [toward bias] it would have."

After the trial, the jury returned a verdict in favor of Plaintiff on his claim of race discrimination and awarded him $300,000 in actual damages and $50,000 in punitive damages. Plaintiff filed post-trial motions to amend the judgment to include equitable relief and attorneys' fees. The City filed a motion for a new trial claiming, *inter alia,* that Plaintiff's counsel engaged in misconduct when he asked Chief George whether he appealed his demotion and that the trial court erred in excluding evidence that the Civil Service Commission and Court of Appeals upheld Chief George's demotion as nondiscriminatory. After a hearing on the parties' post-trial motions, the trial court denied the City's motion for a new trial and took Plaintiff's motions to amend the judgment under submission. Because the trial court did not rule on Plaintiff's motions to amend the judgment within ninety days of filing, they are deemed overruled pursuant to Rule 78.06.[4] The City appeals, and Plaintiff cross-appeals.

---

4. Rule 78.06 provides that a motion to amend the judgment "is overruled for all purposes if the trial court does not rule on it within ninety days after the date the last such timely motion is filed." Rule 78.06. Thus, "[t]he legal effect of withholding a ruling is to deny the motion." *Evans v. FirstFleet, Inc.,* 345 S.W.3d 297, 301 n. 3 (Mo.App. S.D.2011) (quoting *Madrigal v. Larned,* 931 S.W.2d 925, 926 (Mo.App. W.D.1996)).

### Standard of Review

Mistrials are drastic remedies that should be granted only in exceptional circumstances. *Dooley v. St. Louis County*, 302 S.W.3d 202, 208 (Mo.App.E.D.2009). The decision to sustain or overrule a motion for mistrial lies within the trial court's discretion, and we will reverse a denial of a motion for mistrial only when there has been a manifest abuse of discretion. *In re Brasch*, 332 S.W.3d 115, 121 (Mo. banc 2011).

A denial of a motion for a new trial and denial of a motion to amend judgment are also reviewed for an abuse of discretion. *Palmer v. Union Pacific R. Co.*, 311 S.W.3d 843, 851 (Mo.App.E.D.2010). A trial court abuses its discretion when its decision is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful, deliberate consideration. *Dooley*, 302 S.W.3d at 208.

### Discussion

In its first point on appeal, the City claims the trial court abused its discretion in denying its motion for mistrial and subsequent motion for a new trial because: (1) Plaintiff's counsel engaged in misconduct when he violated the terms of his own motion in limine by presenting evidence that Chief George appealed his demotion; and (2) introduction of evidence of Chief George's claim against the City materially affected the merits of the action and the trial court's curative instructions were not sufficient to remove the prejudicial effect. Plaintiff counters that the trial court properly denied the City's motions because evidence that Chief George appealed his demotion was relevant to his bias as a witness and any prejudice was cured by the trial court's instruction.

In his motion in limine and at the pretrial hearing, Plaintiff conceded that "evidence of George's allegations of race discrimination and constructive discharge are relevant to show bias." However, Plaintiff nevertheless requested that the trial court exclude evidence of the Civil Service Commission's and Court of Appeals' determinations on the grounds that the evidence was likely to confuse the jury and was more prejudicial than probative. The City counselor responded at the hearing by arguing that, if Chief George's "allegations ... of discrimination are relevant to bias, so is the result." Plaintiff's counsel suggested that the trial court permit the City to introduce evidence that Chief George "filed a claim challenging [his] demotion by the City of St. Louis" but exclude evidence either that Chief George's claim was based on discrimination or that the Civil Service Commission and Court of Appeals found in favor of the City.

The trial court granted Plaintiff's motion in limine, stating: "I'm going to sustain the motion in limine. I think that just opens up a whole can of worms of relitigation of Chief George's case." Accordingly, the trial court excluded evidence relating to the nature and outcome of Chief George's challenge to his demotion, but held that "[t]he City can ask Former Chief George[,] 'Did you file your own claim against the city challenging your demotion?'" The court explained: "The fact that [Chief George] filed his own claim, to me, is very substantive, and tells the jury he's got a possible bias here. Once you get beyond that, you're getting into more prejudicial than probative because you're in effect getting into a whole other litigation, and that a lot of incorrect inferences can be drawn going both ways."

At trial, Chief George testified to the organization of the Fire Department, the responsibilities of the fire chief, and the events that led to Chief George's demotion, which created the vacancy in the fire chief

position for which Plaintiff applied. To avoid re-litigation of previously resolved disputes, the parties stipulated the following facts: In 2004, the City's personnel department prepared a list of firefighters eligible for promotion to captain and battalion chief based upon promotional tests administered by the City. Individual firefighters and the Firefighters Institute for Racial Equality filed a lawsuit against the City alleging that the promotional tests and the promotional lists were racially discriminatory. Chief George did not make any promotions while the lawsuit was pending. In May 2007, the U.S. District Court entered a judgment for the City finding that the promotional tests were valid and nondiscriminatory.

During his direct examination, Chief George testified that, after the U.S. District Court issued its judgment, he received a list of Fire Department employees eligible for promotions and letters from Mayor Slay and Mr. Simon urging him to make the promotions. In a letter dated September 5, 2007, Mr. Simon directed Chief George to fill all vacant fire captain and battalion chief positions by September 14, 2007.[5] Chief George stated that Mr. Bryson demoted him on October 1, 2007 because he did not make the promotions and that Chief George's "employment end[ed]" shortly thereafter. Plaintiffs counsel asked Chief George, "Now, Chief George, did you file a claim against the [C]ity relating to your demotion?," and Chief George answered, "Yes, I did." The City counselor objected on the grounds of prejudice, and the trial court sustained the objection. The trial court denied the City's request for a mistrial, but instructed the jury to disregard the Plaintiff's question and Chief George's answer.

We address first the City's claim that the trial court erred in failing to grant a new trial due to Plaintiffs counsel's misconduct. Repeatedly asking improper questions, offering improper evidence, or displaying material not in evidence may constitute misconduct sufficient for the granting of a new trial. *Ryan v. Campbell "66" Exp., Inc.*, 304 S.W.2d 825, 828 (Mo. banc 1957). Such acts by counsel "may require a new trial where [they] constitute a willful attempt to present improper matters to the jury, or to create significant and improper inferences, or to force one's opponent to be placed in the light of suppressing facts by his objections." *Liszewski v. Union Elec. Co.*, 941 S.W.2d 748, 753 (Mo.App.E.D.1997) (quoting *Ryan*, 304 S.W.2d at 829). "In each such case the final question is whether the conduct substantially influenced the verdict, despite the action taken at the time by the court, in sustaining objections or otherwise." *Id.* at 753–54 (quoting *Ryan*, 304 S.W.2d at 828–29); *see also Helm v. Pepsi–Cola Bottling Co. of St. Louis, Inc.*, 723 S.W.2d 465, 470 (Mo.App.E.D.1986).

Plaintiff's counsel's question to Chief George violated neither Plaintiff's motion in limine nor the trial court's ruling thereon. In his motion in limine and at the pretrial hearing, Plaintiff acknowledged that Chief George's appeal of his demotion was relevant to bias with respect to his testimony at trial and therefore did not ask the court to exclude evidence of that fact. Rather, Plaintiff requested the trial court to exclude evidence of the outcome of Chief George's appeals to the Civil Service Commission, which found that his demotion was not based on race, and the Court

---

5. Shortly after Mr. Simon, who is white, wrote this letter to Chief George, he resigned and Mayor Slay appointed Mr. Bryson, who is African American, as the City's Director of Public Safety. In a letter dated September 12, 2007, Mr. Bryson reaffirmed Mr. Simon's earlier directive to make promotions by September 14.

of Appeals, which affirmed that determination. After extensive arguments, the trial court excluded evidence relating to the nature and outcome of Chief George's challenge to his demotion, but held that evidence that Chief George "filed [his] own claim against the city challenging [his] demotion," was admissible. The allegedly improper question that Plaintiff's counsel posed to Chief George sought only the limited information that the trial court previously ruled admissible.[6] Furthermore, Plaintiff's counsel asked only one question relating to Chief George's appeal of his demotion, and counsel abandoned the topic when the City counselor objected. *Cf. Ryan*, 304 S.W.2d at 828–29.

■ We next consider the City's contention that Plaintiff's counsel's question to Chief George was highly prejudicial and "the requested relief of a mistrial would have been the only way to remove the prejudicial effect and a new trial is now the appropriate remedy." The decision to grant a mistrial for the introduction of prejudicial evidence is largely within the discretion of the trial court because the trial court is better positioned to assess the prejudicial effect of improper evidence and determine whether any resulting prejudice can be cured by less drastic means than granting a mistrial. *Brown v. Bailey*, 210 S.W.3d 397, 411 (Mo.App.E.D.2006). "Only if the trial court's decision was clearly against reason and resulted in prejudice will we find that the trial court abused it discretion." *Woods v. Friendly Ford, Inc.*, 248 S.W.3d 699, 707 (Mo.App.S.D.2008) (quotation omitted).

In the instant case, the trial court sustained the City's objections to Plaintiff's question and instructed the jury to disregard the question and answer. "Through these actions, the trial court effectively determined that any prejudice from the improper elicitation of evidence could be cured by less drastic means than granting a mistrial." *Brown*, 210 S.W.3d at 412; *see also Woods*, 248 S.W.3d at 707. Moreover, we presume the jury followed the trial court's instructions to disregard Chief George's allegedly prejudicial testimony. *See, e.g., Woods*, 248 S.W.3d at 707. The City has failed to demonstrate that the trial court's curative actions at trial were insufficient to cure any alleged prejudice.

In support of its argument that a mistrial was necessary to remove the prejudicial

---

**6.** We also note that the City mischaracterizes Plaintiff's counsel's comments to the trial court when it alleges that counsel advised the trial court that he did not intend to introduce evidence that Chief George appealed his demotion. Rather, counsel assured the court that he did not intend to introduce evidence that Chief George's challenge to his demotion was based on race discrimination. When the court asked Plaintiff's counsel, "Do you intend to—in any way [-] ask any question or introduce any evidence or make any argument ... suggesting that Chief George was demoted because of racial discrimination?," Plaintiff's counsel answered:

No, Your Honor, we do not intend to argue or even suggest that. We understand the Defendant's position is—and to think [sic] it is very clear—that Sherman George was given a direct order by his supervisor. He did not comply with that direct order. He was told there would be discipline. When he didn't make the promotions, he was disciplined.

Now, what Chief George [sic] reasons for doing that, I don't know if we get into that or not, but I do not intend to argue or suggest in any way that his removal was discriminatory.

Later, Plaintiff's counsel again told the court that he did not intend "to put on any evidence of Chief George's claims of discrimination" but acknowledged that those claims "could be potentially relevant to bias." Plaintiff's counsel emphasized: "[T]he results of those claims is primarily what we're trying to keep out.... [W]hat we're trying to keep out is the result, is the finding by the Civil Service Commission and the Court of Appeals."

effect of Chief George's testimony, the City cites *City of Springfield v. Thompson Sales Co.*, 71 S.W.3d 597 (Mo. banc 2002). *Springfield* is inapposite. In that case, the plaintiff property owners appealed the trial court's judgment awarding them $2.5 million for land that the city condemned for use as a public park. *Springfield*, 71 S.W.3d at 598. During voir dire, the city improperly suggested that an award in favor of the plaintiffs would increase the jurors' tax burden. *Id.* at 599. The plaintiffs objected, and the trial court sustained the objection but denied their request for a mistrial. *Id.* On appeal, the Court held that a mistrial was required because the prejudicial effect of the city's "highly inflammatory and improper" comments was compounded by other improper and prejudicial comments made in violation of a ruling in limine and such prejudice could not be cured by a sustention of the plaintiffs' objection. *Id.* at 600, 601.

Unlike counsel's improper comments in *Springfield*, we find that Plaintiff's question to Chief George was not improper because evidence of Chief George's claim against the City was relevant to witness bias and the trial court previously ruled that such evidence was admissible. Furthermore, we find that the trial court cured any prejudice that may have resulted from the allegedly improper question. *See, e.g., Delacroix v. Doncasters, Inc.*, 407 S.W.3d 13, 25–26, No. ED97375, 2013 WL 1890267, *5 (Mo.App.E.D. May 7, 2013). In contrast to the facts in *Springfield*, the basis of the City's motion for mistrial is a single question, the question was not accompanied by other improper and prejudicial comments, and the trial court issued a curative instruction to the jury to disregard the question. Point denied.

■ In its second point on appeal, the City claims the trial court abused its discretion in denying the City's motions for mistrial and a new trial because it excluded evidence that the Civil Service Commission found and the Court of Appeals affirmed that Chief George's demotion was not motivated by race. The City further contends that the trial court's decision to exclude that evidence "materially affected the merits of the action." Plaintiff responds that the trial court did not err in excluding evidence of the outcome of Chief George's appeal because the trial court properly determined that it was not legally relevant.

Prior to cross-examining Chief George, the City counselor made an offer of proof asserting that evidence of the outcome of Chief George's claim was relevant and admissible at trial. Specifically, the City counselor argued that evidence that the Civil Service Commission upheld Chief George's demotion and found that race was not a motivating factor and that the Court of Appeals agreed was relevant to Chief George's bias as a witness and "relevant to completeness." The trial court found that the evidence was "minimally probative toward bias" and there was "a much greater chance of confusing the jury here. . . ." The trial court therefore concluded that the prejudicial nature of the proffered evidence "in the sense of creating confusion . . . greatly outweigh[ed] the minimal probative value it would have."

"A trial court has broad discretion to admit or exclude evidence, and we presume that a ruling within the trial court's discretion is correct." *Truman Bank v. New Hampshire Ins. Co.*, 370 S.W.3d 675, 677 (Mo.App.E.D.2012). "In determining whether the trial court abused its discretion in excluding evidence, the focus is not on whether the evidence was admissible but on whether the trial court abused its discretion in excluding the evidence." *Arrington v. Goodrich Quality Theaters, Inc.*, 266 S.W.3d 856, 864 (Mo.App. S.D.

2008) (quotation omitted). This court will uphold the trial court's ruling "when any recognizable ground exists on which the trial court could have rejected the evidence." *Id.* (quotation omitted). Furthermore, to obtain a reversal based on the exclusion of evidence, "an appellant must demonstrate the excluded evidence would have materially affected the merits of the cause of action." *Williams v. Trans States Airlines, Inc.,* 281 S.W.3d 854, 872 (Mo.App.E.D.2009).

Based on our review of the record, we hold that the trial court could reasonably conclude that introduction of the evidence at issue presented significant danger of confusing the jury, misleading the jury, wasting time, and creating undue delay. *See, e.g., Rader Family Ltd. Partnership, L.L.L.P. v. City of Columbia,* 307 S.W.3d 243, 251 (Mo.App.W.D.2010). The trial court did not abuse its discretion when it determined that the risk of creating juror confusion by admitting evidence of the disposition of Chief George's appeal outweighed its probative value on the issue of the City's liability for failing to promote Plaintiff because of his race.

Furthermore, the City has failed to demonstrate that the exclusion of evidence relating to the outcome of Chief George's claim against the City materially affected the merits of the case. The exclusion of evidence has a material affect on the merits of a case if its inclusion would have altered the outcome. *Aliff v. Cody,* 26 S.W.3d 309, 321 (Mo.App.W.D.2000). The City asserts that evidence of the disposition of Chief George's claim was necessary to counter Plaintiff's "inference that race was a motivating factor with respect to both the decision to demote Chief George and the decision not to promote [Plaintiff]." However, Plaintiff introduced no evidence tending to suggest that the City demoted Chief George because of his race.

Additionally, Chief George's testimony relating to his demotion by the City comprised only a small portion of the evidence at trial and was only briefly referenced in closing arguments. By contrast, Plaintiff introduced significant evidence that the City failed to promote him because of race, including, but not limited to, evidence that Plaintiff was better qualified to be fire chief than Chief Jenkerson, Mr. Bryson stated publicly that race would be a factor in the appointment of fire chief, and Chief Jenkerson's promotion from battalion chief to fire chief was contrary to the City's code and its historical practice of promoting deputy fire chiefs to the fire chief position.

The City relies on *Williams v. Trans States Airlines* in support of its argument that the trial court erred in excluding evidence relating to the outcome of Chief George's discrimination claim. In *Williams,* the plaintiff, a probationary flight attendant, sued the employer airline for retaliation when she was terminated after reporting sexual harassment by a pilot. *Williams,* 281 S.W.3d at 862–63. At trial, the court admitted evidence that the employer terminated another female employee who complained of sexual harassment, the other employee had filed suit alleging sexual harassment and retaliation, and a federal district court granted summary judgment for the employer. *Id.* at 864. On appeal, this court held that the trial court did not abuse its discretion in admitting evidence of the other employee's termination because the employer's treatment of the other flight attendant "was sufficiently similar to be relevant to [the plaintiff's] claim for retaliatory discharge." *Id.* at 874. We also rejected the airline's argument that the trial court erred in excluding from evidence the federal court's written opinion, noting that the trial court did permit the airline to present evidence

that the federal court dismissed the other employee's discrimination charge. *Id.*

*Williams* is distinguishable because, in that case, the trial court allowed the plaintiff to introduce evidence of the other employee's termination and sexual discrimination claim because "the two women were similarly situated to permit [the plaintiff] to compare her termination to that of" the other employee and the evidence "was relevant to show [the employer's] retaliatory animus toward women who file sexual harassment complaints." *Id.* at 873. Here, in contrast, the City does not maintain that its treatment of Chief George was "sufficiently similar" to its treatment of Plaintiff to be relevant to Plaintiff's discrimination claim. Also, unlike the plaintiff in *Williams*, Plaintiff did not present evidence either that Chief George was demoted because of race or that he filed a claim against the City alleging racial discrimination. Rather, Plaintiff presented evidence that the City demoted Chief George because it was relevant to bias with respect to his testimony at trial and it explained the vacancy in the fire chief position for which Plaintiff applied. Point denied.

■■ We turn now to Plaintiff's cross-appeal in which he asserts that the trial court abused its discretion in denying his post-trial motions to amend the judgment. After trial, Plaintiff filed motions to amend the judgment to include attorneys' fees and equitable relief. The trial court held a hearing on Plaintiff's motions to amend the

judgment and took them under submission,[7] but issued no rulings. We deem the motion overruled by operation of law under Rule 78.06. Rule 78.06; *see also Wood v. Wood*, 391 S.W.3d 41, 45 (Mo.App.W.D. 2012). This court reviews a trial court's ruling on a motion to amend judgment for an abuse of discretion. *Autumn Ridge Homeowners Ass'n, Inc. v. Occhipinto*, 311 S.W.3d 415, 419 (Mo.App.W.D.2010).

For ease of analysis, we consider Plaintiff's points on cross-appeal out of order. In his second point on cross-appeal, Plaintiff claims the trial court abused its discretion in denying his motion to amend the judgment to include an award of attorneys' fees. Section 213.111.2 of the MHRA expressly authorizes the trial court to award reasonable attorneys' fees to the prevailing party. Mo.Rev.Stat. § 213.111.2;[8] *Pollock v. Wetterau Food Distrib. Group*, 11 S.W.3d 754, 772 (Mo.App.E.D.1999). The Supreme Court has stated that "Section 213.111.2 is structured to recognize attorneys' fees as a matter of course to prevailing claimants." *Gilliland v. Mo. Athletic Club*, 273 S.W.3d 516, 523 (Mo. banc 2009). "The reasons are twofold: (1) to fully make the plaintiff 'whole' by compensating [him or] her for the costs of bringing suit, and (2) to deflect that discrimination may result in nominal or small monetary damages." *Holmes v. Kansas City Mo. Bd. of Police Commissioners*, 364 S.W.3d 615, 630 (Mo.App.W.D.2012).

Although the City contests the amount of fees the Plaintiff seeks, it concedes that "remand of this issue would be appropriate

---

7. Neither party provided this court with relevant portions, if any, of the transcript of the hearing on Plaintiff's motion to amend.

8. Section 213.111.2 states:
The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual and punitive damages, and may

award court costs and reasonable attorney fees to the prevailing party, other than a state agency or commission or a local commission; except that, a prevailing respondent may be awarded court costs and reasonable attorney fees only upon a showing that the case is without foundation.
Mo.Rev.Stat. § 213.111.2.

if the City does not prevail in its appeal." We therefore remand to the trial court to determine a reasonable amount of attorneys' fees. *See, e.g., DeWalt v. Davidson Serv./Air, Inc.*, 398 S.W.3d 491, 507–08 (Mo.App.E.D.2013). Point granted.[9]

In his first point on cross-appeal, Plaintiff claims the trial court erred in denying his motion to amend the judgment to include equitable relief. More specifically, Plaintiff asserts that the jury's award did not make him whole and the trial court therefore abused its discretion in denying his request for an order that the City: (1) promote him to the next available fire chief position; (2) in the interim, pay him the salary he would have been earning as fire chief but for the City's discriminatory actions; and (3) provide retirement benefits based upon the salary he would be earning as fire chief. The City does not dispute Plaintiff's contention that he has not been "made whole" by the jury's verdict, and it concedes that remand is appropriate to award Plaintiff limited front pay. The City argues, however, that the trial court did not abuse its discretion in denying Plaintiff's requests for retirement benefits and promotion to fire chief.

Under the MHRA, "it is unlawful for an employer covered by the law '[t]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race....'" *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 87–88 (Mo. banc 2003) (quoting Mo.Rev.Stat. § 213.055). The purpose of the law is to provide "make whole relief." *Pollock*, 11 S.W.3d at 771. To this end, Section 213.111 of the MHRA provides a variety of remedies, including equitable relief. Mo.Rev.Stat. § 213.111; *Diehl*, 95 S.W.3d at 88; *see also State ex rel. Sir v. Gateway Taxi Mgmt. Co.*, 400 S.W.3d 478, 491 (Mo.App.E.D.2013) ("A damage award is designed to fulfill the remedial purposes of the civil rights laws and compensate a wronged person for the loss or injury suffered.").

■ The City contends the trial court properly denied Plaintiff's request for retirement benefits because "the City lacks legal authority to take this action, as the Board of Trustees of the Firemen's Retirement System is solely responsible for the administration and operation of the retirement system." The case the City cites in support of this proposition does not relate to the propriety of awarding retirement benefits under the MHRA, *see Firemen's Ret. Sys. of St. Louis v. City of St. Louis*, 789 S.W.2d 484, 486 (Mo. banc 1990), and this court lacks a complete record upon which to decide the issue. We note, however, that, on remand, the trial court may include the value of Plaintiffs expected retirement benefits in its front pay award. *See, e.g., Brady v. Curators of Univ. of Mo.*, 213 S.W.3d 101, 114 (Mo.App.E.D. 2006) (holding that the trial court properly ordered the employer to pay the plaintiff front pay for the difference between fulltime salary and part-time salary, plus the

9. Plaintiff filed a motion for attorneys' fees on appeal, which we took with the case. We grant Plaintiff's motion and remand to the trial court to determine a reasonable award of attorneys' fees on appeal. *See, e.g., McCrainey v. Kansas City Mo. Sch. Dist.*, 337 S.W.3d 746, 756 (Mo.App.W.D.2011). "Appellate courts have the authority to award attorney fees on appeal but, in most cases, appellate courts remand the case to the trial court because the 'trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested.'" *Goins v. Goins*, No. SC 92672, 2013 WL 3716652, *5 n. 1 (Mo. banc July 16, 2013) (*quoting Berry v. Volkswagen Group of Am., Inc.*, 397 S.W.3d 425, 433 (Mo. banc 2013)).

cost of health insurance, retirement, vacation, sick, and personal days).

The City also contends that the trial court properly denied Plaintiff's request for an order directing the City to promote Plaintiff to fire chief at the next available opportunity. The City maintains that an order to promote Plaintiff "at some uncertain point in the distant future is not feasible because it does not account for changed circumstances and the passage of time." The City does not identify any evidence in the record supporting its assertion that promotion is not feasible. Nor does the record before us support a finding that promotion is feasible. It is the duty of this court to dispose finally of the case unless justice otherwise requires. Rule 84.14. "That duty, however, presupposes a record and evidence upon which this court can perform that function with some degree of confidence in the reasonableness, fairness, and accuracy of its conclusion. When such record and evidence are not presented, reversal and remand necessarily follow." *Outcom, Inc. v. City of Lake St. Louis*, 960 S.W.2d 1, 5 (Mo. App.E.D.1996) (quoting *Taylor v. Coe*, 675 S.W.2d 148, 150 (Mo.App.S.D.1984)). Based on the above, we remand this matter to the trial court to calculate the amount of front pay to which Plaintiff is entitled and to determine the appropriateness and amount of other equitable relief. Point granted.

### Conclusion

Finding no error, we affirm the judgment for Plaintiff. As to the cross-appeal, we reverse the denial of Plaintiff's motions to amend the judgment and remand to the trial court for a determination of the amount of Plaintiff's attorneys' fees and the appropriateness and amount of other equitable relief requested and to enter judgment accordingly.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.